IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Smalls, #258624,<br>                      Plaintiff,<br><br>vs.<br><br>Sgt. Teresa Ramsey; Ofc. Mays, III;<br>and Lt. Taylor,<br><br>                      Defendants. | Civil Action No.8:06-357-TLW-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

       The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       The plaintiff brought this action on February 10, 2006. On June 16, 2006, the defendants filed a summary judgment motion and a supplement to that motion on June 26, 2006. By order filed June 19, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on August 28, 2006.

## FACTS PRESENTED

In his Complaint, the plaintiff alleges that the defendants used excessive force against him in attempt to remove him from his cell. (Complaint at 3.) The facts of the altercation are in substantial dispute between the parties. The parties do agree that the plaintiff was asked to pack up the personal belongings in his cell. The plaintiff alleges that without provocation he was assaulted by the defendants, including being hit in the back and neck, slapped in the face, sprayed with mace, and hit with handcuffs. *Id*. The defendants allege that an hour after being told to pack his bag the plaintiff remained uncooperative, threatened a guard, and finally punched her and fled his cell after being shot with a burst of mace in the facial area. (See Def. Mem. Supp. Summ. J. Exs. 1-3.) The defendants further allege that the circumstances around the plaintiff's removal from his cell arise from a belief that the defendant was masturbating in the presence of a female guard. The plaintiff denies such allegations.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*,

429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this

3

standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

### I. EXCESSIVE FORCE

As stated, the plaintiff alleges that the defendants used excessive force against him. The defendant contends that the plaintiff cannot demonstrate that he suffered a sufficiently serious injury to recover on such a claim. The Court agrees.

Determination of whether cruel and unusual punishment has been inflicted on a prisoner, in violation of the Eighth Amendment, requires analysis of subjective and objective components. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective portion of an excessive force claim, which the defendants have put at issue in this case, requires a

prisoner to show that the injury inflicted was sufficiently serious. Although a plaintiff need not show a significant injury, *see Hudson v. McMillian*, 503 U.S. 1, 7 (1992), the Fourth Circuit, in *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman*, 25 F.3d at 1263. Because *de minimis* injury may serve as evidence that *de minimis* force was used, the Fourth Circuit reasoned that an excessive force claim should not lie where a prisoner's injury is only *de minimis*. *See id.* at 1262-63. A prisoner may recover for a *de minimis* injury only if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." *Id*. at 1263 n.4.

> The Fourth Circuit has explained:
>> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain. In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

*Id*. at 1263 n.4.

In his Complaint, the plaintiff alleged that after the altercation his head was shaved in order to bandage his wounds. (Compl. at 3.) He further alleges that photographs and medical records exist of his injuries but that the photographs were misplaced and the medical records "were not used at the disciplinary hearing." *Id*.

These allegations are insufficient to satisfy the plaintiff's burden to produce some evidence which creates a genuine issue of fact as to the seriousness of his injury. Fed. R. Civ. P. 56(e). In neither his Complaint nor his brief does the plaintiff allege even the nature of his injury, whether bruising, abrasions, lacerations, broken bones or otherwise. Nor has

5

he alleged that his injuries, if any, were serious, painful, permanent, scarring, or in any respect severe or even more than simply *de minimis*. He certainly has not produced any evidence as to the nature, quality, and kind of his alleged injuries.

While the plaintiff contends that photographs of his injury have been misplaced, he does not allege, or produce evidence of, any efforts to obtain them. In fact, he does not even have any evidence that they existed in the first instance, other than his bald allegation. His contention as to the existence of medical records is particularly confusing insofar as he claims, simply, that they were not used at his disciplinary hearing. Of course, this allegation says nothing about their availability for submission to this Court or the plaintiff's efforts to secure them for any purposes. He has not produced any evidence of attempts to obtain supporting evidence. *See Norman*, 25 F.3d at 1264 (finding that the plaintiff had produced no evidence of a serious injury or his efforts in that regard).

While a prisoner may recover for a *de minimis* injury if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind," *id*. at 1263 n.4, the plaintiff has failed to allege, or produce evidence as to, either.

The fact that pepper spray was used in this incident does not change the Court's conclusion, as the use of mace, tear gas or pepper spray by prison officials is not a *per se* violation of a prisoner's constitutional rights when used appropriately. See *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir.1996). The plaintiff's conclusory and unsubstantiated allegations in his Complaint and response that the defendants simply "sprayed" him with mace are insufficient to demonstrate or even allege that the pepper spray was employed in an impermissible manner or under circumstances shocking to the conscience. *See* Williams, 77 F.3d at 763 (stating that Court must examine the totality of the circumstances).

The plaintiff has relied only on the allegations in his Complaint and brief, in regards to the seriousness of his injury. Federal Rule of Civil Procedure 56(e), however, provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Norman*, 25 F.3d at 1264. The plaintiff "simply did not satisfy his burden under Rule 56(e)." *Norman*, 25 F.3d at 1264.

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Even if the plaintiff's complaint could be said to assert a viable § 1983 claim, there is no evidence in this record that the plaintiff has properly exhausted his administrative remedies relating to these claims. *See* 42 U.S.C. § 1997e(a). *See also Woodford v. Ngo*, 126 S. Ct. 2378, 2382, 2384-89 (2006) (holding that § 1997e(a) requires "proper exhaustion" of available administrative remedies). The defendants have submitted evidence that he did not. (Def. Mem. Supp. Summ. J. Ex. 3.) Although the plaintiff states in his Complaint that he has received a final agency determination in regards to a filed grievance, he essentially makes no rejoinder to the evidence of the defendants that he has not exhausted his administrative remedies other than to allege "I did complete step(s) (1) one, (2) two, and (3) three" in his brief. He has produced no evidence in support. Accordingly, the plaintiff's claims should be dismissed for failure to exhaust his administrative remedies.

## III.   STATE LAW CLAIMS

Having recommended dismissal of the plaintiff's federal claim, the Court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against either of the defendants. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003

WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks  
United States Magistrate Judge

January 23, 2007

Greenville, South Carolina